OPINION OF THE COURT
Stanley H. Nason, J.
In this proceeding to adopt the child “Anthony”, the petitioner, the child’s natural mother, and the copetitioner, the child’s stepfather, seek an order dispensing with notice to “Anthony’s” putative father.
The pertinent facts are as follows:
“Anthony”, born August 2, 1979, is alleged to have been conceived as a result of a rape of his mother by her stepfather, the child’s putative father. No complaint was filed by petitioner as she alleges she sought to keep the matter private. Thereafter, the child’s putative father was convicted of manslaughter and was sentenced to a prison term of 7 to 21 years which he is presently serving at a correctional facility.
To date the putative father has not taken any steps to establish a parental relationship with “Anthony”. He is not listed on the child’s birth certificate or with the putative father registry nor has he ever been adjudicated to be the child’s father. Petitioner’s affirmation states that he never supported “Anthony”, visited him or attempted to assert any parental rights toward the child. Her affirmation also states that she never identified “Anthony’s” putative father or any other person as the child’s father in a sworn written statement, that she never lived with anyone who *593 held himself out to be “Anthony’s” father, and that she did not marry anyone within six months of the child’s birth.
Sections 111 and 111-a of the Domestic Relations Law require that various procedural protections be afforded putative fathers in cases where their parental rights may be terminated by a proposed adoption. Pursuant to section 111-a of the Domestic Relations Law, notice of an adoption, and, an opportunity to be heard, must be given to certain classes of putative fathers if they are likely to have had some contact with their child. Included in those classes are those putative fathers who have been adjudicated to be the father of an out-of-wedlock child; those who are listed as the father on the child’s birth certificate; those who lived with the child and the child’s mother and who represented themselves as the father; those identified as the father by the mother in a sworn written statement; those married to the mother within six months subsequent to the child’s birth; and those who have filed an acknowledgment of paternity with the putative father registry. In addition to those fathers entitled to notice under the provisions of section 111-a, subdivision 3 of section 111 of the Domestic Relations Law provides that the court, in its discretion, may require that notice of a pending adoption be given to a parent whose consent to the adoption is not otherwise required.
In the case at bar, “Anthony’s” putative father would not be entitled to notice of the child’s adoption under any of the criteria set forth in section 111-a of the Domestic Relations Law. Moreover, he would have no constitutional right to notice as he never established a parental relationship with the child. (Matter of Jessica XX., 54 NY2d 417, affd sub nom. Lehr v Robertson, 463 US_, 51 USLW 5010.) Furthermore, while subdivision 3 of section 111 of the Domestic Relations Law permits the court in its discretion to require notice to putative fathers who are not entitled to notice under section 111-a in order to protect the security of an adoption against future challenges and years of additional litigation, this is not a case where the court should exercise its discretion. Instead, the circumstances in this case, including the nature of “Anthony’s” conception, demonstrate that it would not be in the child’s best *594 interests to introduce his alleged father into his life by requiring that he be notified of “Anthony’s” adoption.
Accordingly, petitioner’s application to dispense with notice under section 111-a and subdivision 3 of section 111 of the Domestic Relations Law is hereby granted.